Gants, CJ.
(dissenting). The court reverses the defendant’s conviction of murder in the second degree because it concludes that the following jury instruction “failed to distinguish adequately between ‘justification and mitigation,’ ” ante at 173, and “created a strong possibility that the jury believed” that they were precluded from finding the defendant guilty of manslaughter if they found that the defendant used excessive force in defense of another, id.:
“[Tjhere is one additional way in which the Commonwealth may prove that the defendant did not act in lawful defense of another. You will recall that I told you when I was explaining the legal concept of defense of another that a person may use no more force than is reasonably necessary in all of the circumstances to defend another person. If a person uses unreasonable force or excessive force, then he is not acting in lawful defense of another. Thus, if the Commonwealth proves that the defendant used excessive force in defending Shawn Buchanan, then it has proved that the defendant did not act in lawful defense of another. However . . . excessive force in otherwise lawful defense of another is a mitigating circumstance, a mitigating circumstance that reduces the offense of murder to manslaughter.”
I dissent because this instruction was not erroneous, and is consistent in substance with the Model Jury Instructions on Homicide approved by this court on March 21, 20Í3, approximately one year after this case was tried.
The judge’s instructions made clear that the Commonwealth bore the burden of proving beyond a reasonable doubt that the defendant did not act in defense of another. The judge properly instructed the jury that, where a defendant used deadly force in defense of another, “the proper exercise of defense of another person” requires that (1) the defendant actually believed that another person was in imminent danger of serious harm or death, (2) the defendant’s belief was objectively reasonable, (3) “there was no other way to avoid the attack” except with deadly force, and (4) the *176 use of deadly force was not excessive, that is, the defendant used “no more force than [was] reasonably necessary in all of the circumstances to defend another person.” The judge also made clear that, because all four of these propositions are required for the proper exercise of defense of another, the Commonwealth may satisfy its burden of showing that the defendant did not act in “lawful defense of another” by proving beyond a reasonable doubt “any one of the following propositions”:
(1) the defendant did not believe that Shawn Buchanan was in imminent danger of serious injury or death;
(2) if the defendant believed Buchanan was in such danger, the defendant’s belief was not objectively reasonable;
(3) the defendant failed to avail himself of available alternatives before using deadly force; or
(4) the defendant used unreasonable or excessive force in defending Buchanan.
This is a correct statement of law. If the Commonwealth were to prove any of these four propositions beyond a reasonable doubt, the defendant did not act in lawful defense of another, and therefore was not justified in using deadly force and may be found guilty of a crime, provided the elements of that crime are proved. See Commonwealth v. Young, 461 Mass. 198, 210 (2012) (“defense of another tracks the law of self-defense”); Commonwealth v. Glacken, 451 Mass. 163, 167 (2008) (describing Commonwealth’s burden where there is evidence of self-defense). See also Model Jury Instructions on Homicide 33-35 (2013).
The judge also informed the jury that, if the Commonwealth proved beyond a reasonable doubt that the defendant used excessive force, then the defendant did not act in lawful defense of another but the jury “would be warranted in finding the defendant guilty of manslaughter.”[1] The judge earlier had explained that “excessive force in otherwise lawful defense of another is a mitigating circumstance . . . that reduces the offense of murder to manslaughter.”
These are correct statements of law. See Commonwealth v. Silva, 455 Mass. 503, 525-526 (2009) (“One of the elements of *177 self-defense is the reasonableness of the force used to defend oneself, and if the Commonwealth fails to disprove all the elements of self-defense except the element of reasonableness of the force used, i.e., that the defendant used excessive force in self-defense, then self-defense does not lie, but excessive force in self-defense will mitigate murder to voluntary manslaughter”). Where the Commonwealth proves beyond a reasonable doubt that a defendant used excessive force in defense of another, two separate legal consequences are triggered: the defendant’s claim that he was justified in using deadly force is defeated and therefore he is not entitled to an acquittal but, if the defendant was otherwise justified in defending another but for his excessive use of force, the crime of murder is mitigated to manslaughter.
Our current Model Jury Instructions on Homicide, which, as noted earlier, had not been approved when this case was tried, are structured differently from the judge’s instructions in that the model instructions separate justification from mitigation, but the judge’s instructions here are consistent with their substance. Where there is evidence of self-defense (but no evidence that the defendant was the initial aggressor),[2] our model jury instructions provide in relevant part:
“A person is not guilty of any crime if he acted in proper self-defense. It is the Commonwealth’s burden to prove beyond a reasonable doubt that the defendant did not act in proper self-defense. ... If the Commonwealth fails to prove beyond a reasonable doubt that the defendant did not act in proper self-defense, then you must find the defendant not guilty.
[[Image here]]
“The Commonwealth satisfies its burden of proving that the defendant did not act in proper self-defense if it proves any one of the following four . . . propositions beyond a reasonable doubt:
“1. The defendant did not actually believe that he was in immediate danger of death or serious bodily harm from *178 which he could save himself only by using deadly force. Deadly force is force that is intended or likely to cause death or serious bodily harm.
“2. A reasonable person in the same circumstances as the defendant would not reasonably have believed that he was in immediate danger of death or serious bodily harm from which he could save himself only by using deadly force.
“3. The defendant did not use or attempt to use all proper and reasonable means under the circumstances to avoid physical combat before resorting to the use of deadly force.
“4. The defendant used more force than was reasonably necessary under all the circumstances” (footnotes omitted).
Model Jury Instructions on Homicide 19-21 (2013).
Our model jury instructions separately discuss excessive use of force in self-defense or defense of another as a mitigating circumstance that the Commonwealth must negate beyond a reasonable doubt to prove a defendant guilty of murder in the first or second degree. Our instructions provide, “A killing that would otherwise be murder in the first or second degree is reduced to the lesser offense of voluntary manslaughter if the defendant killed someone under mitigating circumstances.” Id. at 42. In describing excessive use of force in self-defense or defense of another as a mitigating circumstance, our model jury instructions provide in relevant part:
“As I have explained to you earlier, a person is not guilty of any crime if he acted in proper self-defense [or defense of another]. The Commonwealth must prove beyond a reasonable doubt that the defendant did not act in the proper exercise of self-defense [or defense of another]. If the Commonwealth fails to do so, then you must find the defendant not guilty because [with the exception of felony-murder] an element of the crime that the Commonwealth must prove beyond a reasonable doubt is that the defendant did not act in the proper exercise of self-defense [or defense of another],
“In this case, you must consider whether the defendant used excessive force in defending himself [or another]. The term excessive force in self-defense means that, considering all the circumstances, the defendant used more force than was reasonably necessary to defend himself [or another]. . ..
*179 “I have already told you that to prove the defendant guilty of murder, the Commonwealth is required to prove beyond a reasonable doubt that the defendant did not act in the proper exercise of self-defense [or the defense of another]. If the Commonwealth proves that the defendant did not act in proper self-defense [or in the proper defense of another] solely because the defendant used more force than was reasonably necessary, then the Commonwealth has not proved that the defendant committed the crime of murder but, if the Commonwealth has proved the other required elements, you shall find the defendant guilty of voluntary manslaughter” (footnotes omitted).
Id. at 69-71.
To be sure, our model jury instructions regarding excessive use of force in defense of another are clearer than the judge’s instructions regarding this issue, but the judge did not have the benefit of those instructions when this case was tried and his instructions are consistent with them. The judge’s instructions are also consistent with the Model Jury Instructions on Homicide that were in effect at the time of trial, which were no clearer than the judge’s instructions.[3] If the jury were confused by this instruction, they could have listened to the recording of the instructions provided to them by the judge (with the tape recorder made available to them), or they could have sought clarification through a jury question (none was asked).
Having chaired the committee that redrafted the Model Jury Instructions on Homicide, I can attest that it is very difficult to *180 explain clearly to a jury that a defendant does not act in lawful defense of another where he uses excessive force, but if the use of excessive force is the only reason why the killing was not lawful, the defendant is guilty of voluntary manslaughter, not murder in the first or second degree, provided the elements of that offense have been proved. The judge’s instructions regarding this challenging issue were not a model of clarity, but they were not erroneous. Nor were they so confusing that a reasonable jury could not understand them. Nor, where the judge explicitly told the jury that “excessive force in otherwise lawful defense of another is a mitigating circumstance, a mitigating circumstance that reduces the offense of murder to manslaughter” (emphasis added), can it reasonably be said that these instructions “created a strong possibility” that the jury believed that they were precluded from finding the defendant guilty of manslaughter if they believed that the defendant used excessive force in defense of another. Ante at 173. For these reasons, I would not reverse this conviction because of those instructions.

The judge misspoke here in that he told the jury that, if the Commonwealth were to prove beyond a reasonable doubt that “the defendant used excessive force in self-defense, then you would be warranted in finding the defendant guilty of manslaughter” (emphasis added). But where the judge had just told the jury to focus on the defendant’s defense of Shawn Buchanan, not himself, there is no material risk that the jury were confused by this mistaken reference to self-defense.

Because our model homicide instruction regarding defense of another “is premised on the jury having earlier been instructed as to the law of self-defense,” Model Jury Instructions on Homicide 32 (2013), it is simpler to refer to our instruction regarding self-defense than defense of another. See Commonwealth v. Young, 461 Mass. 198, 210 (2012).

The Model Jury Instructions on Homicide in effect at the time of trial declared, “A homicide is excused and is therefore not a crime if it results from the proper exercise of self-defense.” Model Jury Instructions on Homicide 55 (1999). In describing the law of self-defense, the model jury instructions later provided, “A person may use no more force than is reasonably necessary in all of the circumstances to defend himself.” Id. at 57. Separately, the model jury instructions provided:
“The Commonwealth has the burden of proving beyond a reasonable doubt the absence of self-defense. If the Commonwealth fails to prove beyond a reasonable doubt the absence of self-defense, your verdict must be not guilty with respect to the crimes of murder or voluntary manslaughter. If, however, the Commonwealth does prove excessive force in an effort to defend oneself, you would be justified in finding the defendant guilty of voluntary manslaughter.”
Id. at 30.